# **EXHIBIT A**

# SC-100 Plaintiff's Claim and ORDER to Go to Small Claims Court

### Notice to the person being sued:

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

### Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

---

*Clerk stamps date here when form is filed.*

**ELECTRONICALLY ENDORSED**
Superior Court of California
County of Sacramento
Small Claims Division
File By: SanderS
On: 10/06/2015 12:29 PM

*Fill in court name and street address:*

**Superior Court of California**
**County of Sacramento**
**Small Claims Division**
301 Bicentennial Circle
Sacramento, CA 95826-2701
(916) 875-7746

*Clerk fills in case number and case name:*

**Case Number:**
**15SC03954**

**Case Name:**
JR, RICKI MAGEE vs. BLUESTEM BRANDS

— **DEFENDANT'S COPY** —

---

## Order to Go to Court

The people in ① and ② must go to court: *(Clerk fills out section below.)*

| Trial Date | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|
| | 11/10/2015 | 8:15 A.M. | 86 | 301 Bicentennial Circle, Sacramento, CA 95826-2701 |

Date: 10/06/2015     Timothy E. Ainsworth, Clerk, by _____ S. Sanders _____, Deputy

### Instructions for the person suing:

- You are the Plaintiff. The person you are suing is the Defendant.
- *Before* you fill out this form, read Form SC-100-INFO, *Information for the Plaintiff*, to know your rights. Get SC-100-INFO at any courthouse or county law library, or go to: *www.courts.ca.gov/smallclaims/forms*.
- Fill out pages 2 and 3 of this form. Then make copies of **all** pages of this form. (Make one copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all five pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B and SC-104C.
- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

---

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2015, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court (Small Claims)**

SC-100, Page 1 of 5  

Case Name: JR, RICKI MAGEE vs. BLUESTEM BRANDS

Case Number: 15SC03954

## ① The Plaintiff (the person, business, or public entity that is suing) is:

Name: MAGEE, JR, RICKI     Phone: (916) 370-2700
Street: 5325 ELKHORN BLVD #310    City: SACRAMETNO   State: CA   Zip: 95842
Mailing street: _____ City: _____ State: _____ Zip: _____
*(if different)*

☐ *Check here if Plaintiff listed above is doing business under a fictitious name. If so, attach Form SC-103.*

### If more than one Plaintiff, list next Plaintiff here:

Name: _____ Phone: _____
Street: _____ City: _____ State: _____ Zip: _____
Mailing street: _____ City: _____ State: _____ Zip: _____
*(if different)*

☐ *Check here if Plaintiff listed above is doing business under a fictitious name. If so, attach Form SC-103.*

☐ *Check here if more than two Plaintiffs and attach Form SC-100A.*

## ② The Defendant (the person, business, or public entity being sued) is:

Name: BLUESTEM BRANDS     Phone: (844) 240-9758
DBA: FINGERHUT     AKA: _____
Street: 6509 FLYING CLOUD   City: EDEN PRAIRIE   State: MN   Zip: 55344
Mailing street: _____ City: _____ State: _____ Zip: _____
*(if different)*

### If more than one Defendant, list next Defendant here:

Name: FINGERHUT, AS AGENT FOR SERVICE FOR BLUESTEM BRANDS    Phone: (844) 240-9758
Street: 6509 FLYING CLOUD   City: EDEN PRAIRIE   State: MN   Zip: 55344
Mailing street: _____ City: _____ State: _____ Zip: _____
*(if different)*

☐ *Check here if more than two Defendants and attach Form SC-100A.*

## ③ The Plaintiff claims the Defendant owes $10,000.00 . *(Explain below):*

a. Why does the Defendant owe the Plaintiff money?
Defendant repeatedly called my phone looking for another person doing business w/them. I have had this number for 10+ years and have never had an account with Fingerhut/Bluestem. The calls did not stop until after I told them I would be taking them to court. All other requests were ignored.

When did this happen? *(Date):* _____

b. If no specific date, give the time period: *Date started*: 01/01/2015    *Through*: 09/30/2015

c. How did you calculate the money owed to you? *(Do not include court costs or fees for service.)*
Under the TCPA any unwanted calls gets a fine of $1500, they called me more than 60 times and also violated my rights under the FDCPA.

☐ *Check here if you need more space. Attach one sheet of paper or Form MC-031 and write "SC-100, Item 3" at the top.*

**④ You must ask the Defendant (in person, in writing, or by phone) to pay you before you sue. Have you done this?** ☑ Yes ☐ No. *If no, explain why not:*

_____

_____

**⑤ Why are you filing your claim at this courthouse?**

**This courthouse covers the area** *(check all that applies):*

a. ☐ (1) Where the Defendant lives or does business.
    (2) Where the Plaintiff's property was damaged.
    (3) Where the Plaintiff was injured.
    (4) Where a contract (written or spoken) was made, signed, performed, or broken by the Defendant *or* where the Defendant lived or did business when the Defendant made the contract.

b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim, is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc., § 395(b).)*

c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). *(Civil Code, § 1812.10.)*

d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. *(Civil Code, § 2984.4.)*

e. ☑ Other *(specify):* Plaintiff resides in Sacramento County

**⑥ List the zip code of the place checked in ⑤ above** *(if you know):* 95842

**⑦ Is your claim about an attorney-client fee dispute?** ☐ Yes ☑ No
*If yes, and if you have had arbitration, fill out Form SC-101, attach it to this form and check here:* ☐

**⑧ Are you suing a public entity?** ☑ Yes ☐ No
*If yes, you must file a written claim with the entity first.* ☑ A claim was filed on *(date):* 08/01/2015
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

**⑨ Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes ☑ No *If yes, the filing fee for this case will be higher.*

**⑩ I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

**⑪** I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.

I declare, under penalty of perjury under California State law, that the information above and on any attachments to this form is true and correct.

Date: 10/06/2015    Jr Ricki Magee   ▶  /s/ Jr Ricki Magee
                       *Plaintiff types or prints name here*          *Plaintiff signs here*

Date: _____  _____  ▶  _____
                      *Second Plaintiff types or prints name here*   *Second Plaintiff signs here*

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. Contact the clerk's office for Form MC-410, *Request for Accommodations by Persons with Disabilities and Response. (Civil Code, § 54.8.)*

# SC-100 Information for the Defendant (the person being sued)

**"Small claims court"** is a special court where claims for $5,000 or less are decided. A "natural person" (not a business or public entity) may generally claim up to $10,000, including a sole proprietor. (See below for exceptions.*) The process is quick and cheap. The rules are simple and informal. You are the *Defendant*—the person being sued. The person who is suing you is the *Plaintiff.*

### Do I need a lawyer?
You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

### How do I get ready for court?
You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that supports your case. And read "Be Prepared for Your Trial" at www.courts.ca.gov/smallclaims/prepare.

### What if I need an accommodation?
If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations*. Give the form to your court clerk or the ADA/Access Coordinator.

### What if I don't speak English well?
Bring an adult who is not a witness to interpret for you, or ask the court clerk for an interpreter at least five days before your court date. A court-provided interpreter may not be available or there may be a fee for using a court interpreter unless you qualify for a fee waiver. You may ask the court for a list of interpreters and also the *Request to Waiver Court Fees* (form FW-001).

### Where can I get the court forms I need?
Go to any courthouse or your county law library, or print forms at: www.courts.ca.gov/smallclaims/forms.

### What happens at the trial?
The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if I lose the case?
If you lose, you can appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file Form SC-140, *Notice of Appeal.* You must file within 30 days after the judge's decision.

- If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration,* to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see www.courts.ca.gov/smallclaims/appeals.

### Do I have options?
Yes. If you are being sued, you can:
- **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, both of you must notify the court. Ask the Small Claims Advisor for help.
- **Prove this is the wrong court.** Send a letter to the court *before* your trial explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done so.)
- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107, and the clerk will subpoena (order) them to go.
- **Sue the person who is suing you.** File Form SC-120, *Defendant's Claim.* There are strict filing deadlines you must follow.
- **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.
- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for plus court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?
You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county), *or*
- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out Form SC-150 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

 **Need help?**
Your county's Small Claims Advisor can help for free.

| **Small Claims Advisory Clinic** |
| 301 Bicentennial Circle, Room 330 |
| Sacramento, CA 95826 |
| Phone: (916) 875-7846      Hours: 8:00 a.m. to 4:30 p.m. |

Or go to www.courts.ca.gov/smallclaims/advisor.

*****Exceptions:** Different limits apply in an action against a defendant who is a guarantor. (See Code Civ. Proc. § 116.220(c).)

Revised July 1, 2015 — **Plaintiff's Claim and ORDER to Go to Small Claims Court (Small Claims)** — SC-100, Page 4 of 5 

# SC-100 Información para el demandado (la persona demandada)

La "**Corte de reclamos menores**" es una corte especial donde se deciden casos por $5,000 ó menos. Una "persona natural" (que no sea un negocio ni una entidad pública) puede reclamar hasta $10,000. Una "persona natural" (que no sea un negocio ni una entidad pública), que incluye un dueño único, generalmente puede reclamar hasta $10,000.
(Vea abajo para las excepciones.*) El proceso es rápido y barato. Las reglas son sencillas e informales. Usted es el Demandado—la persona que se está demandando. La persona que lo está demandando es el Demandante.

### ¿Necesito un abogado?
Puede hablar con un abogado antes o después del caso. Pero *no puede* tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

### ¿Cómo me preparo para ir a la corte?
No tiene que presenter ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos, y pruebas que apoyan su caso. Y lea "Esté preparado para su juicio" en
www.courts.ca.gov/reclamosmenores/preparese.

### ¿Qué hago si necesito una adaptación?
Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Request for Accomodations*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

### ¿Qué pasa si no hablo inglés bien?
Traiga a un adulto que no sea testigo para que le sirva de intérprete. O pida al secretario de la corte que le asigne uno. Si quiere que la corte le asigne un intérprete, lo tiene que pedir como minimo menos cinco dias antes de la fecha en que tenga que ir a la corte. Es posible que no haya disponible un intérprete proporcionado por la corte o que tenga que pagar una cuota por emplear un intérprete de la corte, a menos que tenga una exención de cuotas. Puede pedir a la corte una lista de intérpretes y la Solicitud de exención de cuotas de la corte (formulario FW-001S).

### ¿Dónde puedo obtener los formularios de la corte que necesito?
Vaya a cualquier edificio de la corte, la biblioteca legal de su condado, o imprima los formularios en
www.courts.ca.gov/smallclaims/forms (página está en inglés).

### ¿Qué pasa en el juicio?
El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

### ¿Qué pasa si pierdo el caso?
Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación*. Tiene que presentarlo dentro de 30 días depués de la decisión del juez.

- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea
www.courts.ca.gov/reclamosmenores/apelaciones.

### ¿Tengo otras opciones? Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en resolver el caso, ambos tienen que notificar a la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)

- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Para asegurarse que los testigos vayan al juicio, llene el formulario SC-107, y el secretario emitirá una orden de comparecencia ordenándoles que se presenten.

- **Demandar a la persona que lo demandó.** Presente el formulario SC-120, *Reclamo del demandado*. Hay fechas límite estrictas que debe seguir.

- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.

- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

### ¿Qué hago si necesito más tiempo? Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio), *o*

- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado), *o*

- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio).

Pregúntele al secretarion de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-150 (o escriba una carta) y envíelo antes del plazo a la corte *y* a todas las otras personas que figuran en sus papeles de la corte.

Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una extensión.



**¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

**Small Claims Advisory Clinic**
301 Bicentennial Circle, Room 330
Sacramento, CA 95826
Phone: (916) 875-7846    Hours: 8:00 a.m. to 4:30 p.m.

O vea Información por condado en
www.courts.ca.gov/reclamosmenores/asesores.

* **Excepciones:** Existen diferentes límites en un reclamo contra un garante. (Vea el Código de Procedimiento Civil, sección 116.220 (c).)

Case 2:15-cv-02283-KJM-KJN   Document 1-1   Filed 11/03/15   Page 7 of 10

# YOUR SMALL CLAIMS CASE

Dear Litigant:

The hearing date has been set in your Small Claims case. Mediation services are available to assist Small Claims litigants in reaching a settlement of their dispute, on the day of the court hearing. Each party must be prepared to present any and all evidence that is relevant to the case. Thus, you must bring all documents and witnesses you feel the court should consider in determining the matter.

The following guidelines may assist you in preparing for your court appearance:

### EXHIBITS

ALL DOCUMENTS PRESENTED TO THE COURT AS EVIDENCE WILL NOT BE RETURNED. You will need to bring copies of all documents you want the court to consider as evidence. Be sure you have enough copies so that you can give one to the judge and one to each of the other parties. It is a good idea to bring the original documents with you, in case the court wants to see them. KEEP ALL ORIGINAL DOCUMENTS FOR YOURSELF. Organize copies of all writings you want the court to review so that they are in date order and label each in numerical order. When you talk about the exhibit during your hearing, refer to it by the number you have given it. When you are in the courtroom, you should give the copies for the judge to the courtroom clerk, bailiff or court attendant. Do not approach the judge unless you ask for permission to do so. If you have subpoenaed documents, the court should already have copies of them.

### WITNESSES

You are responsible for making arrangements for any witnesses to be at the court for the hearing. You may need to subpoena them. All witnesses should be well prepared and should answer only the questions asked of them. The judge may not allow them to discuss anything the court feels is not important to your case.

### CONDUCT

You must speak only to the judge and should not talk directly to the other party. Do not argue with the judge and speak only when directed to do so. Dress appropriately and do not chew gum in the courtroom.

### IF YOU CANNOT MAKE YOUR COURT DATE

If you are unable to come to court on the date assigned to you, you must write to the court as soon as you become aware of the problem. Your letter must include the case name, case number and date and time for hearing. You must also clearly state the reason you will be unavailable. Please include the appropriate filing fee or your request for postponement of your court hearing will not be processed.

The court must receive your letter no less than 10 days before the scheduled hearing date. Your request may be denied if it is untimely.

---

If you have any questions, you may contact:
**Small Claims Advisory Clinic – (916) 875-7846** or
**Small Claims Unit – (916) 875-7746**

# SMALL CLAIMS MEDIATION PROGRAM
## Information for Plaintiffs and Defendants

- **WHAT IS MEDIATION?**

**Mediation** is an alternative form of dispute resolution that can be very effective in helping Small Claims litigants reach settlements to their disputes. In a mediation session, a mediator meets with you and the other party and helps you gain a deeper understanding of your conflict and create your own solution to the dispute. Mediation services are offered **free of charge** to Small Claims litigants.

- **WHY SHOULD I MEDIATE?**

| Advantages for: **Plaintiffs** | Advantages for: **Defendants** |
|---|---|
| - Achieve a quicker solution to your dispute<br>- Easier to collect money owed when both parties agree to a settlement through mediation<br>- YOU make your own decisions about the outcome of your case<br>- Negotiate settlements in a less adversarial setting.<br>- Avoid the stress of a formal court hearing | - Protect your credit record<br>- Develop a payment plan that fits within your budget<br>- Keep your case off the public record<br>- YOU make your own decisions about the outcome of your case<br>- Negotiate settlements in a less adversarial setting<br>- Avoid the stress of a formal court hearing |

- **WHO ARE THE MEDIATORS?**

Mediators are provided by the Sacramento Superior Court Small Claims Mediation Program. They are specially trained in conflict resolution and mediation. They do not take sides or act as advocates for either party.

- **HOW DOES MEDIATION WORK?**

The mediation sessions will take place outside the courtroom on the day scheduled for your court hearing. You do not need to make an appointment ahead of time to participate in mediation. The mediator does not make any decisions about the outcome of the case, instead he or she helps you and the other party clarify what issues are most important, and helps you identify various options for resolving the case. If the case is resolved through mediation, you and the other party will sign a document that outlines what both of you have agreed to do. If mediation does not resolve your case, you will go back into a courtroom, and a judicial officer will hear your case.

For more information about the Small Claims Mediation Program, please call:

**(916) 875-7843**